IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TODD ALLEN TEMPLETON,

                        Plaintiff,                        OPINION AND ORDER

   v.

                                                              23-cv-863-wmc

KERRY PORTER, CHRIS MOORE, KELLY SPLINTER,
GARY VANDIVIER, MIKE CONNERS, KYLE MCNALLY,
MARY VOECK, SERGEANT SHELLENBERGER,
JEREMY WHITE, MIKE ZIESCH, KARIANNE KUNDERT,
and DEPUTY SCHENCK,[1]

                        Defendants.

Plaintiff Todd Allen Templeton, who is representing himself while incarcerated, was previously granted leave to proceed on conditions of confinement and freedom of association claims against several defendants and given an opportunity to amend his complaint to fix problems identified with respect to his proposed access to the courts claim. (Dkt. #14.) Plaintiff has since moved for leave to file a second amended complaint (dkt. #35), which contains allegations that are substantially similar, albeit clearer, to his first amended complaint (dkt. #13), except that he adds more detail about how he believes defendants impeded his access to the courts. Like his original complaint, the second amended complaint must be screened under 28 U.S.C. § 1915(e)(2) and § 1915A. For the reasons explained below, plaintiff will not be allowed to proceed with an access to the courts claim against any defendant.

---

[1] The court has revised the caption to reflect the correct spelling of Voeck's first name.

ALLEGATIONS OF FACT

The court incorporates by reference the allegations of fact recited in its previous order (dkt. #14) along with the following additional facts included in plaintiff's second amended complaint (dkt. #35).

While plaintiff was housed in a segregation cell at the Dane County Jail from January to April 2022, defendants Captain Kerry Porter, Lieutenant Kelly Splinter, Lieutenant Gary Vandivier, Lieutenant Chris Moore, Sergeant Kyle McNally, Sergeant Mary Voeck, Sergeant Shellenberger, and Sergeant Mike Ziesch all knew that plaintiff had ongoing proceedings in this court related to federal bank robbery charges and other charges under state law, including the violation of his extended supervision. *See United States v. Templeton,* 21-cr-113-wmc (W.D. Wis.).  However, they denied plaintiff access to the law library and basic writing materials during this period.

OPINION

In addition to alleging further details regarding his previously-alleged conditions of confinement and freedom of association claims, which need not be addressed further, plaintiff adds new allegations in support of a proposed access to the courts claim.  Inmates have a constitutional right to access the courts, including the right to have "basic scribe materials," such as paper and writing utensils. *See Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002); *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995).  To state a claim of denial of access to the courts, a plaintiff must allege that "he was, or is, suffering an 'actual injury' by being 'frustrated' or 'impeded' in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement." *DeBauche v. Wisconsin Dep't of Corr.*, No. 17-cv-454-wmc, 2021 WL 2860983, at *3 (W.D. Wis. July 8,

2021) (citing *Lewis*, 518 U.S. at 353-55). Moreover, the injury must be a specific hinderance related to a lawsuit, *Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017), and cannot be a speculative, future harm, *Marshall v. Knight*, 445 F.3d 965, 969-70 (7th Cir. 2006).

As to injury, plaintiff contends that defendants' denial of his library access, mail, and writing materials prevented him from learning about *United States v. Taylor*, 596 U.S. 845 (2022), making his attorney aware of that decision, accessing the sentencing guidelines, and contacting his family to ask them to appear at his sentencing hearing. However, plaintiff's allegations do not plausibly suggest that defendants' disciplinary sanctions frustrated or impeded plaintiff's effort to bring a *non-frivolous* claim regarding his criminal conviction or sentence.

*Taylor* held that an *attempted* Hobbs Act robbery conviction did not constitute a crime of violence under the elements clause of 18 U.S.C. § 924(c), as a predicate for a felony conviction and enhanced sentence. However, the *Taylor* decision does not afford plaintiff any potential relief because he pleaded guilty to *completed* Hobbs Act robberies, not to a conspiracy or attempt charges. Indeed, the Seventh Circuit has made clear that a completed Hobbs Act robbery *is* a crime of violence under § 924(c)'s elements clause. *See, e.g., United States v. Hammond*, 996 F.3d 374, 397-98 (7th Cir. 2021). Moreover, *Taylor* was not decided until June 21, 2022, more than two months after plaintiff was sentenced on April 4, 2022. *See Templeton*, 21-cr-113-wmc, dkt. #19.

While plaintiff generally alleges that he did not personally have access to the sentencing guidelines and could not write his family to ask them to attend his sentencing hearing, these allegations do not suggest that his criminal defense was impeded in any actual way. Like all criminal defendants, plaintiff had the right to object to the presentence report *both* prior to and

3

during the sentencing hearing, introduce evidence on the objections, and speak and have his attorney speak at the hearing to mitigate the sentence. Federal Rule of Criminal Procedure 32(i); *see also Betterman v. Montana*, 578 U.S. 437, 446-47 (2016) ("Indeed, many—if not most—disputes are resolved, not at the hearing itself, but rather through the presentence-report process."). Here, plaintiff was represented by experienced counsel who argued mitigating factors and otherwise advocated on plaintiff's behalf prior to and during his sentencing. While plaintiff may have wanted to invite his family to attend the hearing, presumably to speak on his behalf, the Seventh Circuit has made clear that criminal defendants do not have the right to have others testify on their behalf at sentencing. *United States v. Cunningham*, 883 F.3d 690, 700 (7th Cir. 2018). Accordingly, plaintiff will be denied leave to proceed against any defendant on an access to the courts claim.

ORDER

IT IS ORDERED that Plaintiff Todd Allen Templeton's motion for leave to file a second amended complaint (dkt. #35) to add an access to the courts claim is DENIED.

Entered this 18th day of August, 2025.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge