IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TODD ALLEN TEMPLETON,

              Plaintiff,

v.

KERRY PORTER, CHRIS MOORE, KELLY SPLINTER,
GARY VANDIVIER, MIKE CONNERS, KYLE MCNALLY,
MARY VOECK, JEREMY WHITE, MIKE ZIESCH,
KARIANNE KUNDERT, DEPUTY SCHENCK, and
SERGEANT SHELLENBERGER,

              Defendants.

OPINION AND ORDER

23-cv-863-wmc

    Plaintiff Todd Allen Templeton, who is representing himself, is proceeding on conditions-of-confinement and freedom-of-association claims against several sheriff's deputies while confined as a pretrial detainee at the Dane County Jail from January 20 to April 20, 2022. Pending before the court are defendants' motions for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). (Dkt. ##42 and 53.) For the reasons set forth below, the court will grant defendants' motions and dismiss this case without prejudice.

BACKGROUND

    At all times relevant to the complaint, the Dane County Jail had policies and procedures in place that governed inmate grievances. Policy 600.08 explains that inmates must submit grievances electronically using a tablet provided for that purpose within 10 days of the incident or issue giving rise to the grievance. (Dkt. #44-1, at 5.) In addition,

Policy 607.04 provides a separate hearing and appeals process for issues involving "major discipline," including a restriction of privileges for more than 24 hours and placement in restrictive housing for 24 hours to 10 days. (*Id*. at 6 ("Certain issues are not grievable because a separate administrative process on that issue exists," and "[j]ail supervisors have the authority to reject a grievance for these reasons"); dkt. #44-3, at 1.) For major violation conduct reports, an inmate may waive a formal disciplinary hearing and instead request an informal hearing; however, the inmate may not appeal the discipline imposed at an informal hearing. (Dkt. #44-3, at 2.)

Plaintiff submitted several grievances in 2022 (dkt. #44-2):

- On January 25, 2022, he submitted Grievance #160962522, after "being housed in a cell for more than 24 hrs that is not up to state code, can't shower and use personal hygiene supplies as others can in my classification status or even mail a letter!"

- On February 2, 2022, he submitted Grievance #162326032, complaining of "being held in male segregation unit past my disciplinary lock down date and time."

- On February 5, 2022, he submitted Grievance #162785852, complaining of "[n]o access to law library and other tablet resources."

- On March 15, 2022, he submitted Grievance #27660 relating to frostbite in his feet, wearing shoes or sandals in his cell, and not being allowed law library access.

- On March 18, 2022, he submitted Grievance #169545542, stating that I "[c]an not contact my lawyer, federal judge, or US Marshalls."

- On March 20, 2022, he submitted Grievance #169798772, complaining that "[m]entally unstable or under the influence residents are making noise which makes sleep difficult and residents coming in at all hours."

- On April 8, 2022, he submitted Grievance #172810152, complaining that "Captain Porter, Tina Diring, Dep. Schenck and who ever ordered Dep.

2

- Schenck to file a fabricated disciplinary report about the event on 03/08/22 to generate paperwork and find me guilty of damage to property when no damage occurred, and if it did what was the cost."

- On April 11, 2022, he filed Grievance #27661, naming several administrators at the jail and stating that "[m]y grievance was for being denied basic hygiene, soap, toothbrush, toothpaste, hour out to shower. It does deal with staff, not policy, and the individuals are the administrators who place these restrictions on me, since March 10th, 2022. The inmate handbook states every 2 days a shower, a toothbrush/toothed. The National Sheriff's Association says hygiene should never be used as a punishment. I'm tired of smelling my breath and other body odor and the itching of my beard."

Plaintiff did not file any grievances about being denied visits with his family.

During the time period relevant to his claims, plaintiff also received numerous conduct reports for major violations -- attempting to escape the jail, repeatedly damaging county property, possessing contraband, failing to obey staff directions, and violating jail rules -- that resulted in major discipline. (*See* dkt. #44-4.) For all but one of these incidents, plaintiff waived his right to a formal hearing and appeal and received a discipline determination through an informal hearing. (*Id*.) With respect to the one major violation occurring on March 8, 2022, in Case No. 220112655, plaintiff requested a formal hearing and appealed the resulting discipline of "credit time served." (*Id*. at 10-12.)

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.

3

2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendants must prove, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). At summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The court will discuss the parties' exhaustion arguments with respect to each of his claims separately.

I. **Fourteenth Amendment Claims**

In support of his conditions-of-confinement claims, plaintiff alleges that: between January 20 and February 8, 2022 and March 10 and April 20, 2022, he was denied soap, shampoo, toothbrushes, toothpaste, showers, razors, combs, writing utensils, as well as an hour out of his cell or personal mail; and he was also denied access to his tablet between March 10 and April 20, 2022. (Dkt. #13, at 2-3.) Defendants have submitted evidence that plaintiff filed grievances regarding these conditions and pursued appeals through the resident grievance system, but they contend that because these conditions were all imposed as a result of plaintiff's own major disciplinary actions, his challenges to the resulting punishment are subject to a *separate* administrative appeals process. Defendants further

4

contend that plaintiff failed to exhaust his administrative remedies through that separate appeals process, having waived his right to formal hearings and appeals by signing a Disciplinary Hearing Waiver/Determination form for the incidents that resulted in the major discipline alleged in his amended complaint. *See Nigl v. Meisner*, 805 F. App'x 431, 433 (7th Cir. 2020) ("[Plaintiff] chose to abandon available administrative remedies as a result of his decision to admit guilt and waive his rights.").

While plaintiff requested a formal hearing and followed the formal hearing appeal process to challenge his major discipline in Case No. 220112655,[1] the discipline imposed in that case was "credit time served," and did not include the administrative confinement or loss of privileges he alleges in his amended complaint.[2] (Dkt. #44-4, at 10.) Plaintiff also argues that *Nigl* does not apply in his case because the sanction listed in his waiver forms includes only the 10-day lockdown and not the loss of privileges or conditions of his confinement. However, the jail has explicitly defined "major discipline" to include "a restriction of privileges for more than twenty-four (24) hours, placement in restrictive housing for more than twenty-four (24) hours, but not more than ten (10) days." (Dkt. #44-3, at 1.) Thus, this definition encompasses the loss of privileges that plaintiff complains about -- denial of soap, shampoo, toothbrush, toothpaste, showers, razor, comb, writing utensils, out-of-cell time, personal mail, tablet use, and access to the law library and

---

[1] Plaintiff contends that he also received a formal disciplinary hearing on or around January 27, 2022, but the March 8, 2022 sheriff's letter he submits does not support this contention (dkt. #49-2), and the records submitted by defendants show that no formal hearing was held in January 2022.

[2] While plaintiff's periods of lockdown, administrative confinement, and loss of privileges continued both before and after Case No. 220112655, these conditions also resulted from other incidents of major discipline.

5

federal courts. Indeed, the notices of disciplinary hearing and rights that plaintiff received *and* subsequently waived expressly advised plaintiff that "[i]f it is determined that you have violated jails rules, you may be subjected to" lockdown or segregation for up to 10 days and loss of privileges, among other punishments. (Dkt. #44-4, at 1, 3, 5, 7, 9, and 13.)

Had plaintiff followed the jail's policy for appealing major discipline, just like he did in Case No. 220112655, he would have requested a formal disciplinary hearing and been afforded the right to be heard, present witnesses and documentary evidence, confront and cross-examine his accusers, be represented by a staff advocate, and be advised of the hearing's disposition and the reasons for it, along with mitigating factors considered when imposing his discipline. (Dkt. #44-3, at 3-4.) Moreover, once the formal hearing occurred, plaintiff would have been advised of his right to appeal if found guilty, and the procedure for doing so, and no discipline would have started while his appeal was pending. (*Id.*) Had plaintiff then timely submitted a written request to appeal the disposition of the formal disciplinary hearing, his discipline would have been reviewed by the jail's security services captain, who would have determined whether the evidence relied upon at the formal disciplinary hearing supported the decision of the hearing board both as to his guilt and the sanctions imposed. (*Id.*) However, despite obviously knowing these appellate rights, plaintiff chose instead an informal disposition for which there is no appeal. Therefore, plaintiff failed to properly pursue each step in the administrative relief process available to him – "a process that his voluntarily-signed waiver prematurely ended." *Nigl*, 805 F. App'x at 433.

6

While plaintiff responds that jail officials *could* have rejected his grievances about the conditions of his confinement on the ground that this was not a grievable issue, he does not dispute that his grievances about his conditions of confinement were in fact considered and rejected. Regardless, "the Supreme Court has rejected any suggestion that prisoners are permitted to pick and choose how to present their concerns to prison officials." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011) ("If a prisoner can be required to submit his grievance in the particular manner and within the precise period of time designated by the prison's administrative procedures, then he must also be required to present his grievance in the proper forum.").[3]

Finally, plaintiff argues that he lacked tablet access to respond to his grievances and grievance appeals after mid-April 2022, and specifically for Grievance #172810152. However, plaintiff's lack of access to a tablet does not excuse his earlier decisions to waive his rights to formal disciplinary hearings and appeals. Moreover, plaintiff concedes in his brief, and the record reflects, that when he lost tablet privileges, he was informed that staff would let him know when his grievances were "responded to and the deputies were only allowed to handwrite his grievances/appeals at that point." (Dkt. #49, at 4; *see also* dkt. #44-5, at 9-15 ("Not allowed access to mobile tablet. Deputies will assist resident [in] filling out paper request slips and grievances."); dkt. #44-3, at 24-30 (paper grievances

---

[3] To the extent that plaintiff may actually be arguing that the jail's consideration of his grievances informally misled him to believe that he had done all that was necessary to exhaust the conditions-of-confinement claim, that argument only goes so far. Plaintiff does not assert that any prison official said anything at all to him about the grievance process. And again, plaintiff's compliance with the formal hearing appeals process in Case No. 220112655 shows that he was aware of how to appeal a major discipline, but chose not to use this process for any of his other major disciplinary incidents. *Pavey*, 663 F.3d at 906 (finding similar).

7

submitted by plaintiff in April 2022).) Accordingly, plaintiff's loss of access to a tablet had no bearing on his ability to exhaust administrative remedies with respect to his claims in this case.

## II. First Amendment Claim

Plaintiff separately claims that he was denied visitation with his family. Despite filing numerous grievances, however, defendants have submitted evidence that plaintiff never filed a grievance that referenced his family or visits with them. Plaintiff has not disputed this contention. Therefore, plaintiff has also failed to exhaust his administrative remedies with respect to this First Amendment claim. *See King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) (to satisfy the exhaustion requirement, the allegations in the prisoner's grievance must relate to the claim that the prisoner is pursuing in federal court); *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020) (same).

Because defendants have proven that plaintiff failed to exhaust his claims in this lawsuit, they must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice"). This means plaintiff can technically refile the same claims if he can successfully exhaust them, but he will likely find it impossible to do so because the relevant events happened too long ago.

ORDER

IT IS ORDERED that:

1. Defendants' motions for summary judgment for failure to exhaust administrative remedies (dkt. ##42 and 53) are GRANTED.

2. This case is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered this 21st day of January, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge